STATE OF MONTANA, Plaintiff and Appellant, v. DONALD ANDERSON WARREN, Defendant and Respondent.

No. 80-335.
Submitted March 24, 1981.
Decided May 20, 1981.
628 P.2d 292.

Mike Greely, Atty. Gen., Helena, Harold F. Hanser, County Atty., Billings, Corbin Howard (argued), Deputy County Atty., Billings, for plaintiff and appellant.

Moses Law Firm, Billings, Stephen Moses (argued), Billings, for defendant and respondent.

MR. JUSTICE MORRISON delivered the opinion of the Court.

Defendant was convicted of the offense of tampering with or fabricating physical evidence pursuant to section 45-7-207(1)(a), MCA. Defendant moved the court for a judgment notwithstanding the verdict and for a new trial; the new trial was granted.

The defendant in this case, Donald Warren, is the father of Ray Warren who was arrested on a deliberate homicide charge arising out of a shooting which occurred August 15, 1979. The defendant has been charged with suppressing material evidence, specifically a .22 caliber pistol, in connection with the investigation of his son on the deliberate homicide charge.

The basis of the case against defendant, Donald Warren, stems from the testimony of Norman Hopkins. Hopkins, who lived with the defendant's daughter, Kim Warren, and was a friend of the Warren family, testified that he had received a .22 caliber pistol from Donald Warren the afternoon following the arrest of Ray Warren on deliberate homicide charges. Hopkins testified that he recognized the pistol as being one that Ray Warren had taken when he accompanied Hopkins on several coyote hunting trips. Hopkins testified that the defendant, Donald Warren, stated the gun was possibly unregistered and that he did not want the police to find it

in the Warren house because of its uncertain legality. Hopkins testified that he was instructed by defendant, Donald Warren, to dispose of the gun, not because it had anything to do with the pending homicide charges against his son, but rather because the weapon was not registered. Hopkins then stated he had possession of the gun from that time, August 15, 1979, until December 31, 1979, when he gave it to the police. Hopkins gave the weapon to the police after he had severed his relationship with Kim Warren. Ray Warren, after posting bond, disappeared and has never been tried on the deliberate homicide charge.

Both the state and the defendant raised numerous issues for review. Three issues are dispositive: (1) Was Hopkins, as a matter of law, an accomplice? (2) If Hopkins was an accomplice, as a matter of law, then was there any evidence to corroborate his testimony? (3) Did the District Court err in granting a new trial?

Section 45-2-302(3), MCA, defines the elements of being an accomplice, pertinent to this case. One is legally accountable for another's conduct if ". . . either before or during the commission of an offense with the purpose to promote or facilitate such commission, he solicits, aids, abets, agrees, or attempts to aid such other person in the planning or commission of the offense."

The only direct evidence bearing on the issues of defendant's intent and Hopkins being an "accomplice" is the testimony given by Hopkins at time of trial. Hopkins testified that he intended to dispose of the .22 caliber pistol because he was told by the defendant, Donald Warren, that the pistol was unregistered and perhaps illegal. Therefore, Hopkins contends he did not aid Donald Warren in suppressing evidence material to a homicide investigation; rather Hopkins contends his only intent was to dispose of an unregistered gun. If the jury believed that this was actually defendant's reason for disposing of the pistol, the jury would necessarily have acquitted the defendant, Donald Warren, because he was charged with suppressing evidence in a homicide investigation. The jury obviously chose to disbelieve the fact of "no registration" as being the reason for disposal of the weapon.

If Hopkins' testimony could be considered there were then facts from which the jury could infer intent to suppress material evidence in a homicide investigation. At the time Hopkins claimed defendant, Donald Warren, delivered the .22 caliber weapon to him with instructions to dispose of same, both Hopkins and defendant knew Ray Warren, defendant's son, was in jail and that a homicide investigation was being conducted. The jury inferred from these circumstances that defendant having this knowledge, intended to dispose of the .22 caliber weapon so that it could not be used as evidence to convict his son. However, this same inference would necessarily have to be drawn about the motives of Hopkins. If twelve reasonable minds inferred from the evidence that defendant, Donald Warren, intended to suppress the weapon because it was potential evidence in a homicide case, those same twelve reasonable minds would have to infer that the same intent existed for Norman Hopkins. This inference would necessarily make Hopkins an accomplice as a matter of law.

■ We have carefully examined this record to determine if there was any corroboration to support the testimony of Norman Hopkins. This case presents a perfect illustration of why an accomplice's testimony must be corroborated. Without corroboration, an innocent man could be convicted by the testimony of one with a strong motive for seeing that such a conviction occurred. Norman Hopkins had opportunity for access to the son, Ray Warren, following the shooting. Had Ray Warren disposed of the .22 caliber pistol through Norman Hopkins, Hopkins could later exonerate himself and convict the father, Donald Warren, simply by relating the story which was given under oath in this case.

In order to corroborate the testimony of Hopkins, it was necessary for the state to show that the .22 caliber weapon could be traced from the homicide scene back to the Warren residence, where defendant, Donald Warren, would have access to the weapon. The state was able to show that the gun was at the residence prior to the alleged homicide. Of course, if the gun was owned by Ray Warren, it most likely would have been at his residence. However, the critical inquiry must be directed toward

its location after the shooting. There was absolutely no corroborative evidence, either direct or circumstantial, which would provide a basis for finding that the weapon traveled from the alleged homicide scene to the Warren residence.

The state contends that the presence of Ray Warren's vehicle at the Warren residence several hours after the shooting occurred, tends to provide corroboration. This evidence only proves that Ray Warren may have returned to his residence following the shooting, but it does not prove the location of the weapon. It seems probable that Ray Warren may have disposed of the weapon prior to returning his vehicle to the Warren residence. It seems implausible that Warren would have taken the weapon to his home where police would most likely conduct a search. In fact, such a search was conducted several days later and no .22 caliber pistol was found.

At the time of the search, a spare clip for the .22 caliber pistol was found in the glove compartment of an automobile owned and driven by Joy Warren, wife of the defendant. The state argues that this provides corroboration. However, the presence of a spare clip only tends to prove that the .22 caliber pistol was on the premises at some time. The critical question is not whether the subject pistol belonged to Ray Warren or whether it had been at the Warren residence on prior occasions; the determinative question is whether there is any evidence, other than Hopkins' testimony, to show that the weapon moved from the alleged homicide scene back to the Warren residence. We can find no evidence in the record to corroborate Hopkins' testimony that the defendant, Donald Warren, was ever in possession of the .22 caliber pistol following the shooting of August 14, 1979.

■ Section 46-16-213, MCA, sets forth the requirement of corroboration for accomplice testimony. It states: "A conviction cannot be had on the testimony of one responsible or legally accountable for the same offense . . . unless the testimony is corroborated . . . ." The statute requires that the testimony be corroborated by independent evidence tending to connect the defendant with the commission of the offense. In *State v. Kemp* (1979), 182 Mont. 383,

597 P.2d 96, 36 St.Rep. 1215, this Court discussed the character, scope and sufficiency of corroborating evidence:

"To be sufficient, corroborating evidence must show more than that a crime was in fact committed or the circumstances of its commission. (Citation omitted.) It must raise more than a suspicion of the defendant's involvement in, or opportunity to commit, the crime charged. (Citation omitted.) But corroborative evidence need not be sufficient, by itself, to support a defendant's conviction or even to make out a *prima facie* case against him. (Citation omitted.) Corroborating evidence may be circumstantial (citation omitted) and can come from the defendant or his witnesses." (Citation omitted.)

In the case at bar, only Hopkins' testimony established the defendant's action in transferring the pistol. Therefore, as a matter of law, there was no corroborating evidence to support a conviction.

■ In ruling on the defendant's motion for a judgment notwithstanding the verdict, or in the alternative for a new trial, the lower court stated:

". . . and that was the only testimony about the gun — was Hopkins. I was in hopes that this would be in corroboration. I was in hopes that this Allore would testify, but that can still be done . . .

"In any event, that's the decision of this Court, and there will be a new trial."

These statements show that the lower court substantially agreed with the proposition that Norman Hopkins was an accomplice and that his testimony was not corroborated. However, the lower court indicates that the state's failure to present sufficient corroborating evidence could be cured perhaps at a second trial. Such action places the defendant in double jeopardy and is not constitutionally permissible. *Burks v. United States* (1978), 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1.

In *Burks* the United States Supreme Court held that "[t]he Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which

it failed to muster in the first proceeding." 437 U.S. at 11, 98 S.Ct. at 2147, 57 L.Ed.2d at 9.

This holding was limtied to situations where a reversal of a lower court determination was necessitated because of evidentiary insufficiency, not because of trial error. In the case at bar, this Court is faced with the precise problem of evidentiary insufficiency. We have determined that Norman Hopkins' testimony renders him an accomplice of the defendant as a matter of law and that the state failed to present sufficient evidence corroborating Hopkins' testimony. Therefore, no evidence exists to support a conviction of the defendant. Allowing the state a second chance to buttress its case would expreessly violate the principle espoused in *Burks v. United States*, supra.

This Court has also held that a new trial cannot be granted where the evidence adduced at the first trial is insufficient to support a conviction. *State v. Johnson* (1978), 177 Mont. 182, 188, 580 P.2d 1387, 1390; *State v. Langan* (1968), 151 Mont. 558, 568, 445 P.2d 565, 570. Thus, the question becomes: What is the proper remedy?

In *Burks v. United States*, supra, the United States Supreme Court stated that, ". . . Since we hold today that the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient, the only 'just' remedy available for that court is the direction of a judgment of acquittal." 437 U.S. at 18, 98 S.Ct. at 2150-2151, 57 L.Ed.2d at 14. The Supreme Court further stated that such action·was the proper remedy regardless of whether the defendant ". . . sought a new trial as one of his remedies, or even as the sole remedy." 437 U.S. at 17, 98 S.Ct. at 2150, 57 L.Ed.2d at 13. The court concluded by stating, ". . . To the extent that our prior decisions suggest that by moving for a new trial, a defendant waives his right to a judgment of acquittal on the basis of evidentiary insufficiency, those cases are overruled." 437 U.S. at 18, 98 S.Ct. at 2151, 57 L.Ed.2d at 14. This Court adopts the principles established by the United States Supreme Court in *Burks v. United States*, supra; therefore, a judgment of acquittal is the proper remedy in this case.

In conclusion, we find that Norman Hopkins was an accomplice as a matter of law and that before this case could be submitted to a jury, it was incumbent upon the state to produce independent corroborating evidence. We find that the state failed to produce sufficient evidence of corroboration necessary for creation of a jury issue and that, therefore, the state's case fails as a matter of law.

This case is remanded to the District Court with directions to enter a judgment of acquittal for defendant, Donald Warren.

MR. JUSTICES HARRISON, SHEEHY and WEBER concur.

MR. JUSTICE SHEA dissents and will file a written dissent later.